# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON HERRON, | : | |
| Petitioner, | : | Case No. 3:09CV0489 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| TIMOTHY BRUNSMAN, WARDEN, | : | |
| Lebanon Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

Jason Herron, an inmate in state custody at the Lebanon Correctional Institution, as a result of his Murder, Felonious Assault, Discharging Firearm in a Habitation and Weapons under Disability convictions in 2003, brings a *pro se* Petition for Writ of Habeas Corpus 28 U.S.C. §2254.

Herron's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court. Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Herron's Petition or attached Exhibits that he "is not entitled to relief in the district court...." Applying this lenient

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

standard to Herron's Petition reveals that it plainly appears that his Petition is time-barred.  A District Court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

II.     **HERRON'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION**

In April of 2003 Petitioner was convicted of Murder with a gun specification, Felonious Assault with a gun specification, Discharging Firearm in a Habitation and Weapons under Disability . (Doc. #1 at 1).  Herron indicates that he was sentenced to a thirty-eight years to life term of imprisonment. *Id*. He timely appealed and on February 20, 2004, the Second District Court of Appeals affirmed his conviction. (Doc. # 1 at 2). Petitioner did not file a timely appeal to the Ohio Supreme Court. (Doc. # 1 at 2). His subsequent Motion for Delayed Appeal was denied by the Ohio Supreme Court on November 9, 2005. *State v. Herron*, 107 Ohio St. 3d 1404(2005).

No further action was taken until July 30, 2007, when Herron filed a Motion for Leave to File a Motion for a New Trial in the Common Pleas Court of Montgomery County, Ohio which was subsequently denied. (Doc. # 1 at 3).  Herron filed a timely notice of appeal. On October 10, 2008, the Second District Court of Appeals affirmed the trial court's decision. Herron then attempted to appeal to the Ohio Supreme Court. On March 25, 2009, the Ohio Supreme Court denied leave to appeal. (Doc. # 1 at 7).

2

## III. HERRON'S PETITION IS TIME BARRED

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") applies to Herron's habeas Petition because he filed it on December 23, 2009, well after the AEDPA became effective.[2] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

---

[2] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker*, 199 F.3d at 871.

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Herron's case, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review was on April 5, 2004 (forty-five days following the decision of the Court of Appeals). He therefore had until April 5, 2005 in which to file his petition. Even assuming that the one-year period did not begin to run until his Motion for Delayed Appeal was denied by the Ohio Supreme Court on November 9, 2005, he would have had until November 9, 2006 to file his petition. Herron's petition was not filed until December 23, 2009, well beyond the applicable statute of limitations.

Herron's subsequent state court filings in 2007 did not toll the time limitations period. Indeed, "'the tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(citation omitted). Because the AEDPA's one-year period had expired before Herron filed his Motion for Leave to file Motion for New Trial, there was no time left to toll, and the AEDPA's tolling provision does apply. *See id*.

Perhaps realizing the statute of limitations problem, Herron contends:

Petitioner's conviction for Murder is Void under Ohio law as interpreted by the Ohio Supreme Court as being violative of the Ohio Constitution's Equal Protection Clause of Article II §26. As such the right to attack a void judgment cannot be waived and therefore cannot be deemed forfeited. See: *U.S. v. Griffin*, 303 U.S.

4

> 226, 58 S. Ct. 601(1938); *U.S. v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002). Wherefore, if Petitioner's conviction for Murder is void then it will constitute a miscarriage of justice to cause him to forfeit his right to challenge such conviction and would constitute "suspension of the writ."

(Doc. #1 at 13). These contentions do not assist Herron in overcoming the AEDPA's one-year statute of limitations. Petitioner does not allege that he was prevented from filing due to an impediment to filing created by State action and therefore §2244(d)(1)(B) does not apply. Petitioner does not identify the date on which the constitutional right asserted was initially recognized by the United States Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review and therefore §2244(d)(1)© does not apply. Petitioner does not argue that under §2244(d)(1)(D) the factual predicate of the claim or claims presented could only have been discovered through the exercise of due diligence.

Petitioner's conclusory assertion that his murder conviction is "void" based on state law does not assist him because "'errors in application of state law are usually not cognizable in federal habeas corpus.'" *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)(quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (other citations omitted).

To the extent Herron is arguing that the AEDPA's statute of limitations is not jurisdictional, he is correct as a matter of law. *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). But this does not assist him because the non-jurisdictional nature of the statute of limitations only raises the possibility that equitable tolling might forgive his

5

tardiness. *See id*. Equitable tolling, however, does not help Herron because he waited for several years to file his petition. This length of time negates the possibility that he was diligent in protecting his rights. *See Griffin*, 399 F.3d at 635 (diligence is one applicable factor). In addition, Herron's Petition does not identify a reason or circumstance for his lengthy delay and does not indicate that he lacked either actual or constructive knowledge of the AEDPA's limitation period. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, it plainly appears from Herron's habeas Petition that his claims are barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

### IT IS THEREFORE RECOMMENDED THAT:

1. Jason Herron's Petition for Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Herron.

December 30, 2009

                                                          s/ Sharon L. Ovington
                                                            Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)©, (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).